UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RAMONA D. HAWKINS,<br>      Plaintiff,<br><br>  v.<br><br>ANDREW M. SAUL, Commissioner of the<br>Social Security Administration,<br>      Defendant. | )<br>)<br>)<br>)  CAUSE NO.: 1:18-CV-83-JPK<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on (1) a Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 [DE 29] and (2) a Supplemental Motion of Award of Attorney Fees Pursuant to the Equal Access to Justice Act FEES28 U.S.C. Section 2412 [DE 36], filed by Plaintiff Ramona D. Hawkins.

On April 6, 2018, Plaintiff filed a Complaint seeking judicial review of the Commissioner's decision denying her disability insurance benefits. On October 2, 2018, Plaintiff filed an opening brief. On December 21, 2018, the Commissioner filed a response, and on January 4, 2019, Plaintiff filed a reply. On April 4, 2019, the Court granted Plaintiff's request for remand.

In the Motion of Award of Attorney's Fees, Plaintiff seeks fees under the Equal Access to Justice Act ("EAJA") in the amount of $24,522.00 for 122 hours of attorney work at an hourly rate of $201.00. On May 28, 2019, the Commissioner filed a response brief in opposition to Plaintiff's fee request, opposing the number of hours as unreasonable and asking the Court to reduce the request to 60 hours. Plaintiff filed a reply on June 14, 2019, along with a Supplemental Motion for EAJA Fees in the amount of $5,487.30 for 27.30 hours spent drafting the reply brief in support of the original motion for EAJA fees. The Commissioner did not file a response to the supplemental

motion, and the time to do so has passed. In total, the fee amount requested by Plaintiff is $30,009.30.

The prevailing party in a civil action against the United States is entitled to attorney fees unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fee applicant bears the burden of establishing that she is entitled to the reward, documenting the hours and hourly rates, and demonstrating that the requested hours are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The fee applicant must further make a good faith effort to exclude hours that are excessive, redundant, or otherwise unnecessary. *Id*. at 434 ("'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.'" (quoting *Copeland v. Marshall,* 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc))); *see also Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008) ("When calculating an EAJA award, we must exclude hours that were not reasonably expended and we may reduce the amount of the award accordingly." (internal quotation marks omitted) (quoting *Hensley*, 461 U.S. at 434) (citing 28 U.S.C. § 2412(d)(1)(C))). Determining the amount of the fee award is a matter of discretion for the Court, due to its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437. The Court considers a number of factors when making this determination, including the results obtained, the complexity of the case, the staffing particulars, and the quality of outcome for the requesting party. *Hensley*, 461 U.S. at 434-37; *Tchemkou*, 517 F.3d at 511.

In a memorandum accompanying the Motion of Award of Attorney's Fees, Plaintiff sets out her calculation for arriving at a rate of $201.00 per hour. The memorandum does not present arguments justifying the number of attorney hours for which Plaintiff requests compensation.

2

Rather, Plaintiff only attempts to justify the number of hours in her reply, in order to refute the arguments set forth by the Commissioner in his response.

The Commissioner does not oppose the hourly rate asserted by Plaintiff. However, the Commissioner opposes the number of hours sought by Plaintiff in this matter on two grounds. First, the Commissioner argues that the 122 hours of attorney work sought are excessive. (Resp. 2, ECF No. 32). The Commissioner notes that, per a review of relevant granted EAJA petitions in cases not involving appellate-level work, the highest total hours awarded for a case in this district was 89.85 hours in *Bishop v. Berryhill*, 2018 WL 5129484, at *3 (Oct. 22, 2018), litigated by the same plaintiff's counsel as the instant case, with the next highest number of hours at 74.7 hours in *Verlee v. Colvin*, No. 1:12-CV-45, 2013 WL 6063243, at *10 (N.D. Ind. Nov. 18, 2013).[1] *Id.* The Commissioner further notes that the standard range of attorney hours for Social Security litigation is approximately 40-60 hours in the Seventh Circuit. *Id.* at 3 (citing *Parker v. Berryhill*, No. 2:15-CV-316-JEM, 2017 WL 1405357, at *3 (N.D. Ind. Apr. 20, 2017)). Moreover, the administrative record in this case was 578 pages, which the Commissioner contends is well below the average in both the Northern and Southern District of Indiana. *Id.* (noting the average administrative record in these districts is 802 pages). Accordingly, the Commissioner submits that a reduction of the EAJA fees to $12,060.00, representing 60 hours at the requested hourly rate of $201.00 per hour, would be reasonable in this case. *Id.*

Second, the Commissioner argues that certain specific hours listed by Plaintiff should be disallowed. Citing to *Hensley*, the Commissioner contends that hours spent working on arguments

---

[1] The Commissioner stated the number of hours awarded in *Verlee* as 87.9. (Resp. 2, ECF No. 32). This number included the additional 13.2 hours awarded for defending the fee application. Because the 89.85 hours awarded in *Bishop* excluded the additionally awarded 17.15 hours spent defending the fee application, the Court has adjusted the Commissioner's notation for *Verlee* to reflect a true comparison between the two cases and the instant matter.

upon which Plaintiff did not prevail before the Court are non-compensable. *Id.* at 3-4. The Commissioner states that, per Plaintiff's time log, 14.4 hours were spent briefing Plaintiff's argument regarding Dr. Bundza.[2] *Id.* at 4. Further, 4.7 hours were spent briefing Plaintiff's argument regarding inconsistent use or misuse of medication and an August 2015 consultative examination. *Id.* Because the Court ruled against Plaintiff on both of these issues, the Commissioner argues that, at a minimum, the total award should be reduced by $3,839.10—the number of hours spent on the unsuccessful arguments (19.1) multiplied by the hourly rate ($201.00).[3] *Id.*

In her reply, Plaintiff acknowledges that the requested EAJA fees are higher than average but asserts that they are nonetheless appropriate in this circumstance. In *Hensley*, the Supreme Court set out two inquiries to be addressed when determining whether to adjust a fee award for a plaintiff who prevailed on only some of her claims for relief: 1) whether the plaintiff failed to prevail on claims that were unrelated to the claims on which she succeeded, and 2) whether the plaintiff achieved a level of success that made the hours reasonably expended a satisfactory basis for making a fee award. 461 U.S. at 434. In cases where a plaintiff brings distinctly different claims for relief, based on different facts and legal theories, counsel's work on one claim will be unrelated to his work on another claim. *Id.* at 434-35. "Accordingly, work on an unsuccessful claim cannot be deemed to have been 'expended in the pursuit of the ultimate result achieved.'" *Id.* at 435 (internal citation omitted).

Addressing the first inquiry, Plaintiff asserts that in the instant matter, all of her claims were related. (Reply 1-2, ECF No. 35). Specifically, Plaintiff argues that her claims involved a

---

[2] The Commissioner incorrectly states this number as 14.2 hours. However, per the Court's review of the itemization in Plaintiff's counsel's affidavit, the correct number is 14.4 hours. (Aff. Supp. Mot. Fees, ECF No. 31).

[3] The Court has corrected the Commissioner's numbers per the aforementioned itemization and note in Footnote 2.

4

common core of facts and were based on related legal theories. *Id.* at 2. As to the second inquiry, Plaintiff argues that she received an excellent result. *Id.* Plaintiff notes that, while she was not awarded benefits, her claim will go back for a third administrative hearing in which she could be awarded benefits of approximately $60,000.00. *Id.*

Plaintiff goes on to address twelve factors enumerated in *Hensley* to be considered when determining whether the number of hours expended was reasonable:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley*, 461 U.S. at 430 n.3 (internal citation omitted).

As to the first factor, Plaintiff spends several pages recounting the exact number of hours spent by counsel reviewing the record, conducting research, and drafting arguments. (Pl.'s Reply 3-6, ECF No. 35). Acknowledging that the administrative record was not lengthy, Plaintiff nonetheless argues that an extensive review of the record was necessary to identify citations that contradicted the ALJ's reasoning. *Id.* at 4. For the second factor, Plaintiff argues that, while the issues in the case were not novel, they were nonetheless difficult due to many factual issues. *Id.* at 6. Plaintiff asserts that, for the third factor, Social Security disability cases involve substantial evidence issues, and that this matter in particular involved "cherry-picking" by the ALJ and evidence on Plaintiff's trouble with sleep. *Id.* at 7. Addressing the eighth factor, Plaintiff states that counsel achieved an "excellent" result for Plaintiff because the Court remanded on three of four bases presented by Plaintiff. *Id.* On the ninth factor, Plaintiff notes that counsel has

5

considerable experience and qualifications in this area of law. *Id.* For the eleventh factor, Plaintiff notes that counsel has represented her through two hearings and two federal court cases. *Id.* at 8. Finally, regarding the twelfth factor, Plaintiff argues that, while the Commissioner correctly states that the EAJA fee requested here is substantially greater than the highest such award in similar cases in this jurisdiction, the awards in other cases is only one of the many factors to be considered by the Court. *Id.* Plaintiff makes no arguments regarding the fourth, fifth, sixth, seventh, and tenth factors.

Without implying any malfeasance on the part of Plaintiff's counsel, the Court finds that the number of hours requested here is simply unreasonable. The Court acknowledges that Plaintiff's counsel achieved a favorable result for his client. Indeed, Plaintiff's attorney demonstrated to the Court that much of the ALJ's decision was a collection of findings unsupported by substantial evidence or contrary to law. Further, the Court is aware of the time and effort that must be expended in Social Security cases to review the administrative record, which often includes complex medical records. Nonetheless, the Court is unpersuaded that it was reasonable for Plaintiff's counsel to expend 122 hours—more than double the high end of the standard range of attorney hours for Social Security litigation in this jurisdiction—on a case that presented no novel issues and which had a shorter than average administrative record.

Determining how best to logically reduce the requested EAJA fees in this matter is difficult. First and foremost, while many of Plaintiff's claims were related, the Court is unconvinced that arguments regarding Dr. Bundza and the inconsistent use or misuse of medication and an August 2015 consultative examination are so intertwined with Plaintiff's other claims that they cannot be excised for the purposes of determining a fee award. The Court is therefore persuaded by the Commissioner's contention that the total number of hours can be properly reduced by the number

of hours spent on these arguments. While the Court notes that attorneys may need to spend a certain amount of time on non-meritorious arguments, if only to weed them out, the Court nonetheless finds that Plaintiff has not carried her burden under *Hensley* in regards to these particular hours.

However, while the Commissioner contends that 4.7 hours were spent briefing Plaintiff's argument regarding inconsistent use or misuse of medication and an August 2015 consultative examination, the Court's review of the underlying filings and Plaintiff's counsel's itemization show that these hours encompass work performed on those two topics *plus* an additional topic not mentioned by the Commissioner. Plaintiff prevailed on that additional point and thus, by the Commissioner's own reasoning, the award should not be reduced by the time spent on that argument. The Court thus reduces the award by 14.4 hours, the time spent on arguments regarding Dr. Bundza, and 3.1 hours, representing approximately two-thirds of the 4.7 hours spent on the three aforementioned issues, for a total of 17.5 hours. These reductions bring the total number to 104.5 hours, which is still substantially higher than average.

Comparing the instant matter to *Bishop* and *Verlee*, noted by the Commissioner as having the highest total hours awarded in this district, further justifies a slight reduction in the hours claimed here. In *Bishop*, the court awarded 89.85 hours out of the originally requested 108.9. 2018 WL 5129484, at *1, *3. In that case, the court remanded on all five bases presented by the plaintiff and the Administrative Record was substantially longer at 840 pages. *Id.* at *1. In *Verlee*, the court awarded 74.7 hours out of the originally requested 100.8. No. 1:12-CV-45, 2013 WL 6063243, at *7, *10. The Administrative Record in *Verlee* was similar in length to the instant matter at 600 pages, and the court found that three of the plaintiff's four arguments had little merit. *Id.* at *8-9. Nonetheless, the work was performed by two attorneys, the plaintiff advanced a constitutional challenge that he asserted was an issue of first impression for a claim for Social Security disability

7

benefits, and the number of hours sought included those spent objecting to the magistrate judge's report and recommendation. *Id.* at *7, *8, *9. Further, the total number of hours sought by the plaintiff, minus the hours spent objecting to the report and recommendation and defending the fee application, was a mere 59.7—less than half of what is sought in the instant case. *Id.* at *9. The court in *Verlee* awarded those 59.7 hours and reduced the hours sought for objecting to the report and recommendation from 29.7 to 15, for a total of 74.7 hours. *Id.* at *10, *10 n.4.

The Court recognizes that all cases will vary, and that a perfect comparison between the hours expended on one matter versus another is impossible. Nonetheless, in looking to the parties' arguments and contrasting the instant matter with other cases, the Court finds that Plaintiff has simply failed to meet her burden of demonstrating that the requested hours are reasonable. The Court thus imposes a global reduction of an additional 20 hours, and finds that Plaintiff's counsel is entitled to an award for 84.5 hours, for a total fee award of $16,984.50 at an hourly rate of $201.00. Finally, in the Supplemental Motion, Plaintiff asks for an additional $5,487.30 for drafting the reply brief on the instant motion to defend the EAJA fee. Plaintiff's reply brief was the only opportunity to defend against the Commissioner's request that the Court significantly reduce the number of attorney hours requested by Plaintiff. The Commissioner has not filed an objection to this request. Therefore, the Court grants the request for an additional $5,487.30 for drafting the reply brief on the instant motion for fees. This brings the total fee award to $22,471.80.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** with relief different than requested the Motion of Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. Section 2412 [DE 29] and **GRANTS** the Supplemental Motion of Award of Attorney Fees Pursuant to the Equal Access to Justice Act FEES28 U.S.C. Section 2412 [DE 36]. The Court **ORDERS** that Plaintiff is

8

awarded attorney fees in the total amount of $22,471.80 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. If the Government determines that Plaintiff does not owe a pre-existing debt subject to offset, the Commissioner shall direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and her counsel.

    So ORDERED this 12th day of December, 2019.

s/ Joshua P. Kolar  
MAGISTRATE JUDGE JOSHUA P. KOLAR  
UNITED STATES DISTRICT COURT
